**FILED**
WILLIAMSPORT, PA

APR 1 3 2001

MARY E. D'ANDREA, CLERK
Per _____KF_____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY GRABOWSKI, | CIVIL NO.: 4:CV-01-650 |
| Plaintiff | COMPLAINT FILED: |
| v. | (JUDGE McClure) |
| MICHAEL SEYBOLD, Individually and in his official capacity as a Township Police Officer within the Commonwealth of Pennsylvania; MILLER BROTHERS AUTO SALES, INC., | JURY TRIAL DEMANDED |
| Defendants | |

## COMPLAINT

1. Plaintiff Anthony Grabowski ("Grabowski") is an adult individual currently residing within the Middle District of Pennsylvania.

2. Defendant Michael Seybold ("Seybold") is an adult individual who, at all times relevant hereto, was a Police Officer for the Lamar and/or Allison Township Police Department, Clinton County, Pennsylvania, within the Middle

District of Pennsylvania, and who currently resides at Chatham Village, McElhattan, PA, within the Middle District of Pennsylvania.

3. Defendant Miller Brothers Auto Sales, Inc., ("Miller Brothers") is a Pennsylvania corporation engaged in the business of selling automobiles and, in connection therewith, obtaining credit reports and investigative credit reports on prospective buyers, and which is located at P.O. Box 203, 1 South Water Street, Mill Hall, PA, within the Middle District of Pennsylvania.

4. This action is brought pursuant to 42 U.S.C. § 1983 and the First and Fourteenth Amendments to the United States Constitution; Article I, §§ 1, 20 and 26 of the Pennsylvania Constitution; and the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* ("FCRA").

5. The Middle District of Pennsylvania is the judicial district within which the unlawful practices complained of herein were committed.

6. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343. This Court may also exercise supplemental jurisdiction over Plaintiff's state claims pursuant to 28 U.S.C. Section 1367.

7. Venue in the Middle District of Pennsylvania is proper pursuant to 28 U.S.C. Section 1391.

8. At all times relevant hereto, Seybold and Miller Brothers were, or should be deemed, state actors within the meaning of 42 U.S.C. § 1983 and the

First and Fourteenth Amendments to the United States Constitution, and Article I, §§ 1, 20 and 26 of the Pennsylvania Constitution, and in all actions described herein, Seybold and Miller Brothers acted under color of state statute, ordinance, regulation, custom or usage.

9. At all times relevant hereto, Seybold and Miller Brothers were persons within the meaning of the FCRA.

10. On or about February 4, 1999, utilizing his authority or apparent authority as a police officer, Seybold requested, and/or utilized the services or facilities of, Miller Brothers, to contact a consumer reporting agency and obtain a consumer report and investigative consumer report, as the same are defined in the FCRA, on Grabowski.

11. Miller Brothers assisted Seybold in contacting a consumer reporting agency and obtaining a consumer report and investigative consumer report, as the same are defined in the FCRA, on Grabowski.

12. Seybold and Miller Brothers obtained a consumer report and investigative consumer report on Grabowski through the above means.

13. Neither Seybold nor Miller Brothers had a legitimate or permissible law enforcement, FCRA, or other authorization, reason, basis or purpose to perform the above acts, and/or to contact a consumer reporting agency and obtain a consumer report or investigative consumer report regarding Grabowski.

14. Grabowski never authorized Seybold's or Miller Brothers' seeking, obtaining or utilizing a consumer report or investigative consumer report regarding Grabowski.

15. Seybold and Miller Brothers obtained the consumer report and investigative consumer report under false pretenses, and knowingly without a permissible purpose.

16. Neither Seybold nor Miller Brothers identified Seybold or anyone else to the consumer reporting agency as the individual seeking, or as a user or prospective user or end-user of, the reports or the information sought, certified the true purposes for which Miller Brothers and Seybold sought the reports or information, or certified that the reports or information would be used for no other purpose.

17. Neither Seybold nor Miller Brothers ever notified or disclosed to Grabowski that either sought or obtained a consumer report or investigative consumer report regarding Grabowski.

18. Neither Seybold nor Miller Brothers ever notified Grabowski of any adverse actions taken based in whole or in part on the consumer report or investigative consumer report, or on any information contained therein.

19. Neither Seybold nor Miller Brothers ever provided Grabowski with the name, address and telephone number of the consumer reporting agency that

furnished the consumer report or investigative consumer report, or a statement that the consumer reporting agency did not make the decision to take an adverse action and is unable to provide Grabowski with the specific reasons why an adverse action was taken.

20. Neither Seybold nor Miller Brothers ever notified Grabowski of his right to obtain a free copy of the consumer report or investigative consumer report and the time period for obtaining the same, or his right to dispute the accuracy or completeness of any information in the consumer report or investigative consumer report.

21. In or about the Summer of 1999, Seybold disclosed to a private individual information contained in the consumer report and investigative consumer report regarding Grabowski, including but not limited to credit, debt, bankruptcy, account, marriage, and other personal and private information.

22. Seybold had no legitimate or permissible law enforcement, FCRA, or other authorization, reason, basis or purpose to provide this information to the private individual.

23. Miller Brothers knew or reasonably should have known that Seybold intended upon providing the information to the private individual without a legitimate or permissible law enforcement, FCRA, or other authorization, reason, basis or purpose, and assisted Seybold in accomplishing the same.

24. Neither Seybold nor Miller Brothers ever notified or disclosed to Grabowski or the consumer reporting agency that they would be providing this information to the private individual.

25. A substantial, motivating or determinative factor in Seybold's and Miller Brothers' above-described actions and failures to act was to adversely interfere with and affect Grabowski's reputation, relationship and association with the private individual, and to chill Grabowski's relationship and association with the private individual.

26. Seybold and Miller Brothers intentionally, willfully, maliciously, knowingly, and in bad faith obtained and provided this information from the consumer report and investigative consumer report to the private individual in an attempt to disparage and discredit Grabowski, and adversely interfere with, affect and chill Grabowski's reputation, relationship and association with the private individual.

27. Defendants' conduct was willful and motivated by evil motive or intent or, in addition or in the alternative, involved reckless, callous, or deliberate indifference and disregard of Grabowski's civil and other rights.

28. In or about September 1999, the private individual first informed Grabowski of Seybold's actions in disclosing the information contained in the consumer report or investigative consumer report.

29.   Thereafter, despite request, Miller Brothers has failed or refused to provide any information or notification to Grabowski regarding the seeking and obtaining of the consumer report or investigative consumer report.

30.   As a direct, proximate or legal result of Seybold's and Miller Brothers' above-described actions and failures to act, Grabowski has suffered emotional distress and humiliation, loss of standing and reputation, attorneys' fees and costs, and such other damages as may become apparent.

## COUNT I

31.   Paragraphs 1 through 30 are incorporated herein by reference as though fully set forth.

32.   The First Amendment to the United States Constitution provides, in pertinent part: "Congress shall make no law...abridging the right of the people peaceably to assemble." U.S. Const. amend. I.

33.   The First Amendment to the United States Constitution provides for a right of association such as Grabowski's association with the private individual described above.

34.   42 U.S.C. §1983 provides, in pertinent part: "Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State...subjects or causes to be subjected, any citizen of the United States...to the

deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C. §1983.

35. Defendants' above-described actions and failures to act violated Grabowski's right to freedom of association, and attempted to chill Grabowski's exercise of his right to freedom of association.

WHEREFORE, Plaintiff demands judgment in his favor for injunctive relief, declaratory relief, compensatory damages, punitive damages, attorney's fees and costs, interest, and all other relief to which he may be entitled under law. Plaintiff demands a trial by jury.

## **COUNT II**

36. Paragraphs 1 through 35 are incorporated herein by reference as though fully set forth.

37. Article I, §20 of the Pennsylvania Constitution provides, in pertinent part: "The citizens have a right in a peaceable manner to assemble together for their common good." Pa. Const. art. I, §20.

38. The Pennsylvania Constitution provides for a right of association such as Grabowski's association with the private individual described above.

39. Defendants' above-described actions and failures to act violated Grabowski's right to freedom of association, and attempted to chill Grabowski's exercise of his right to freedom of association.

WHEREFORE, Plaintiff demands judgment in his favor for injunctive relief, declaratory relief, compensatory damages, punitive damages, attorney's fees and costs, interest, and all other relief to which he may be entitled under law. Plaintiff demands a trial by jury.

## COUNT III

40. Paragraphs 1 through 39 are incorporated herein by reference as though fully set forth.

41. Pursuant to the Fourteenth Amendment to the United States Constitution: "No State shall make or enforce any law which shall abridge the privileges and immunities of citizens of the United States; nor shall any State deprive a person of life, liberty or property without due process of law." U.S. Const. amend. XIV.

42. 42 U.S.C. §1983 provides, in pertinent part: "Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State...subjects or causes to be subjected, any citizen of the United States...to the deprivation of any rights, privileges or immunities secured by the Constitution and

laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C. §1983.

43. Grabowski had a liberty and/or property interest in not having persons or entities such as Seybold and Miller Brothers obtain or disclose to private individuals a consumer report or investigative consumer report on Grabowski, or private information contained therein, absent a legitimate or permissible law enforcement, FCRA, or other authorization, reason, basis or purpose.

44. Defendants subjected, attempted to subject, or caused or attempted to cause Grabowski to be subjected to deprivations without due process of his rights to reputation, liberty and/or property by acting and failing to act as described above.

WHEREFORE, Plaintiff demands judgment in his favor for injunctive relief, declaratory relief, compensatory damages, punitive damages, attorney's fees and costs, interest, and all other relief to which he may be entitled under law. Plaintiff demands a trial by jury.

## COUNT IV

45. Paragraphs 1 through 44 are incorporated herein by reference as though fully set forth.

46. Article I, §1 of the Pennsylvania Constitution provides, in pertinent part: "All men are born equally free and independent, and have certain inherent

and indefeasible rights, among which are those of enjoying and defending life and liberty, of acquiring, possessing and protecting property and reputation, and of pursuing their own happiness." Pa. Const. art. I, §1.

47. Article I, §26 of the Pennsylvania Constitution provides, in pertinent part: "Neither the Commonwealth nor any political subdivision thereof shall deny to any person the enjoyment of any civil right, nor discriminate against any person in the exercise of any civil right." Pa. Const. art. I, §26.

48. Grabowski had a liberty, reputation and/or property interest in not having persons or entities such as Seybold and Miller Brothers obtain or disclose to private individuals a consumer report or investigative consumer report on Grabowski, or private information contained therein, absent a legitimate or permissible law enforcement, FCRA, or other authorization, reason, basis or purpose.

49. Defendants subjected, attempted to subject, or caused or attempted to cause Grabowski to be subjected to deprivations without due process of his rights to reputation, liberty and/or property by acting and failing to act as described above.

WHEREFORE, Plaintiff demands judgment in his favor for injunctive relief, declaratory relief, compensatory damages, punitive damages, attorney's fees and

costs, interest, and all other relief to which he may be entitled under law. Plaintiff demands a trial by jury.

## COUNT V

50. Paragraphs 1 through 49 are incorporated herein by reference as though fully set forth.

51. The United States Constitution contains certain penumbral rights including a right to privacy.

52. 42 U.S.C. §1983 provides, in pertinent part: "Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State...subjects or causes to be subjected, any citizen of the United States...to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C. §1983.

53. Grabowski had a privacy right in not having persons or entities such as Seybold and Miller Brothers obtain or disclose to private individuals a consumer report or investigative consumer report on Grabowski, or private information contained therein, absent a legitimate or permissible law enforcement, FCRA, or other authorization, reason, basis or purpose.

54. Defendants subjected, attempted to subject, or caused or attempted to cause Grabowski to be subjected to deprivations of his right to privacy by acting and failing to act as described above.

WHEREFORE, Plaintiff demands judgment in his favor for injunctive relief, declaratory relief, compensatory damages, punitive damages, attorney's fees and costs, interest, and all other relief to which he may be entitled under law. Plaintiff demands a trial by jury.

## COUNT VI

55. Paragraphs 1 through 54 are incorporated herein by reference as though fully set forth.

56. The Pennsylvania Constitution contains certain penumbral rights including a right to privacy.

57. Grabowski had a privacy right in not having persons or entities such as Seybold and Miller Brothers obtain or disclose to private individuals a consumer report or investigative consumer report on Grabowski, or private information contained therein, absent a legitimate or permissible law enforcement, FCRA, or other authorization, reason, basis or purpose.

58. Defendants subjected, attempted to subject, or caused or attempted to cause Grabowski to be subjected to deprivations of his right to privacy by acting and failing to act as described above.

WHEREFORE, Plaintiff demands judgment in his favor for injunctive relief, declaratory relief, compensatory damages, punitive damages, attorney's fees and costs, interest, and all other relief to which he may be entitled under law. Plaintiff demands a trial by jury.

## COUNT VII

59. Paragraphs 1 through 58 are incorporated herein by reference as though fully set forth.

60. Defendants' actions and failures to act described above constitute willful noncompliance with the FCRA.

61. In addition or in the alternative, Defendants' actions and failures to act described above constitute negligent noncompliance with the FCRA.

WHEREFORE, Plaintiff demands judgment in his favor for injunctive relief, declaratory relief, compensatory damages, statutory damages, punitive damages,

attorney's fees and costs, interest, and all other relief to which he may be entitled under law. Plaintiff demands a trial by jury.

                RIEDERS, TRAVIS, HUMPHREY, HARRIS,
                WATERS & WAFFENSCHMIDT

                Jeffrey C. Dohrmann, Esquire
                Attorney for Plaintiff
                I.D. No. 68870
                161 West Third Street
                PO Box 215
                Williamsport, PA  17703
                (570) 323-8711